## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN H. STEPHENS, III,** | : | **No. 4:25-CV-1907** |
| **and LESLIE STEVENSON,** | : | |
| | : | **(Munley, J.)** |
| **Plaintiffs** | : | |
| | : | **(Caraballo, M.J.)** |
| **v.** | : | |
| | : | |
| **DINA WASCHER, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>REPORT AND RECOMMENDATION</u>

The undersigned respectfully recommends that the Court dismiss

and close this suit for failure to prosecute. Plaintiffs Glenn Stephens,[1] a

state inmate proceeding pro se, and Leslie Stevenson, also proceeding

---

[1] In addition to this action, Stephens initiated at least 12 other cases in the Middle District of Pennsylvania since 2022. The 12 suits include: (1) *Stephens v. Cohick*, No. 4:22-CV-1460; (2) *Stephens v. Dieter*, No. 3:25-CV-337; (3) *Stephens v. Dieter*, No. 3:25-CV-1261; (4) *Stephens v. Marino*, No. 4:25-CV-1761; (5) *Stephens v. Ogden Newspapers Inc.*, No. 4:25-CV-1824; (6) *Stephens v. Welickovitch*, No. 4:25-CV-1825; (7) *Stephens v. UPMC-Williamsport*, No. 4:25-CV-2069; (8) *Stephens v. Epic Games Inc.*, No. 4:25-CV-2081; (9) *Stephens v. Keiler*, No. 4:25-CV-2266; (10) *Stephens v. Trump*, No. 4:25-CV-2356; (11) *Stephens v. Shoemaker*, No. 1:26-CV-618; and (12) *Stephens v. Bench, U.S. Dist. Ct., Middle Dist. of Pa.*, No. 4:26-CV-652. The undersigned further notes that, in at least 6 of those 12 suits, other judges of the Court recommended or ordered dismissal due to Stephens's failures to pay the filing fees and move for leave to proceed in forma pauperis: (1) *Stephens v. Marino*, No. 4:25-CV-1761; (2) *Stephens v. Ogden Newspapers Inc.*, No. 4:25-CV-1824; (3) *Stephens v. Welickovitch*, No. 4:25-CV-1825; (4) *Stephens v. UPMC-Williamsport*, No. 4:25-CV-2069; (5) *Stephens v. Epic Games Inc.*, No. 4:25-CV-2081; and (6) *Stephens v. Keiler*, No. 4:25-CV-2266.

pro se (collectively "the Plaintiffs"), failed to comply with the undersigned's directive to either pay filing fees or submit individual motions for leave to proceed in forma pauperis. As the Plaintiffs have also ceased litigating this action for nearly six months, the undersigned concludes that the Plaintiffs have willfully abandoned this action, and that dismissal is therefore warranted.

## I.   Background

On October 10, 2025, the Plaintiffs commenced this civil rights action against 20 individuals and entities. Doc. 1. The original complaint indicated that the pleading would be supplemented by another complaint. *Id.* at 4. Then, four days later, the Plaintiffs submitted another complaint, which stated that "complaint details [were] sen[t] separately" and requested that the Court "see forthcoming complaint." Doc. 5 at 2, 4. No forthcoming complaint, however, was ever filed. The Plaintiffs also filed two collective motions for leave to proceed in forma pauperis. Docs. 2; 6.

On October 15, 2025, the undersigned, having reviewed the Plaintiffs' collective motions to proceed in forma pauperis, denied them without prejudice, and directed the Plaintiffs to file individual motions.

2

Doc. 7. The undersigned explained that the motions were incomplete; unsigned by Stevenson; and invalid, as Third Circuit precedents held that Title 28, United States Code, Section 1915(a)(1) does not permit "multiple pro se litigants to obtain in forma pauperis statuses through a single, collective application." *Id.* at 3–5.

The Order of October 15, 2025, required Plaintiffs to either submit separate motions for leave to file in forma pauperis, or pay the filing fees within 21 days. *Id.* at 6. The Order also directed the plaintiffs to file a single amended complaint setting forth "all of their factual allegations and legal theories," within 21 days. *Id.* To date, about six months after the Order's issuance, the Plaintiffs neither complied with the order nor indicated a desire to continue litigation.

## II.   Discussion

The undersigned recommends that this action be dismissed and closed for the Plaintiffs' failure to prosecute, as they neither paid their filing fees, moved for leave to proceed in forma pauperis, filed an amended complaint, nor otherwise indicated their intent to continue litigation. The Court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) "if the plaintiff fails to prosecute a case or to

comply with court rules or . . . orders," as here. *Silbermonn v. Veterans Admin. Med. Ctr.*, 2021 WL 1705228, at *1–2 (M.D. Pa. 2021). This "dismissal is a drastic sanction[,] . . . reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982). Such procedural histories constitute "substantial circumstances in support of" dismissals, *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019), contrary to the default preference for "reaching . . . decision[s] on the merits." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (per curiam) (citing *Adams v. Trs. of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 870 (3d Cir. 1994)).

The Court of Appeals summarized the six factors that Third Circuit courts must consider in deciding whether dismissal is warranted under Rule 41(b) in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). The six factors are:

> (1) the extent of the party's *personal responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of *dilatoriness*; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of

4

*alternative sanctions*; and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphases added and omitted). "[N]o single . . . factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Further, "[n]ot all of these factors need be met" for a valid Rule 41(b) dismissal. *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). "Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the [trial] court[.]" *Silbermonn*, 2021 WL 1705228, at *1 (citing *Emerson*, 296 F.3d at 190).

Here, the Plaintiffs' conduct satisfies most of the *Poulis* factors. Regarding the first factor (personal responsibility), "[a] *pro se* litigant is personally responsible for failure to comply with the court's rules and orders[.]" *Id.* Since the Plaintiffs are proceeding pro se, they "bear[] all of the responsibility for any failure in the prosecution of [their] claims." *See Tindell v. Dep't of Corr.*, 2012 WL 3522530, at *1 (W.D. Pa. 2012). And, here, the Plaintiffs "failed to comply with an explicit order to make [their] allegations plain by filing an amended complaint." *Azubuko v. Bell Nat. Org.*, 243 F. App'x 728, 729 (3d Cir. 2007) (per curiam). The first inquiry thus advises dismissal.

5

The second consideration (prejudice to adversary) becomes applicable if "the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware*, 322 F.3d at 222. And such scenario becomes relevant if, as here, the Court must be mindful of the possibility that, "[g]oing forward, . . . failure to litigate would prejudice the defendant[s], who[,] without timely responses by [the Plaintiffs,] c[an]not seek a timely resolution of the case." *See Silbermonn*, 2021 WL 1705228, at *2. The second query, too, favors dismissal.

The third factor (dilatoriness) requires the Court to examine this case's history. "[C]onsistent tardiness in complying with court orders" weighs in favor of dismissal, *Adams*, 29 F.3d at 874 (first citing *Poulis*, 747 F.2d at 868; and then citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990)), especially in light of the premise that "a party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875. The Plaintiffs have failed to comply with the undersigned's order, "[and] the time to do so has [long] passed." *See Silbermonn*, 2021 WL 1705228, at *2. Thus, the third inquiry weighs in favor of dismissal as well. *See, e.g., Sorto v. United*

*States*, 2022 WL 18657377, at *3 (M.D. Pa. 2022); *see also Smith v. Black*, 2005 WL 2431097, at *2 (M.D. Pa. 2005) ("dilatoriness . . . outweighs any of the other considerations[.]").

Under the fourth consideration (willfulness or bad faith), "[w]illfulness involves intentional or self-serving behavior." *Adams*, 29 F.3d at 875. While the Plaintiffs' dilatoriness does not evince ill intent or self-serving behavior, their prolonged inaction "leads to an inference that [they] willfully abandoned this case." *See Silbermonn*, 2021 WL 1705228, at *2. The fourth query thus does not weigh either for or against dismissal.

The fifth factor (alternative sanctions) is guided by, among other things, the principle that "[a]lternative sanctions, such as monetary penalties, are inappropriate with indigent parties." *Tindell*, 2012 WL 3522530, at *1. So here. "[The Plaintiffs are] proceeding pro se, and given [their] refusal or inability to pay the filing fee, there is no evidence to suggest that paying monetary sanctions will remedy [their] deficiencies. Therefore, monetary sanctions would not be effective in this case." *See Silbermonn*, 2021 WL 1705228, at *2. Therefore, the fifth inquiry favors dismissal.

7

Finally, the sixth consideration (meritoriousness) concerns the meritoriousness of the Plaintiffs' claims. "[A] claim will be deemed meritorious when the [complaint's] allegations . . . , if established at trial, would support recovery." *Id.* (citing *Poulis*, 747 F.2d at 870). As this case is still in the screening stage, the undersigned assumes, for this Report and Recommendation's purposes, that this final inquiry weighs against dismissal.

The overall *Poulis* analysis favors dismissal. Moreover, the failure to pay a filing fee or submit a complete application to proceed in forma pauperis, after being specifically advised of those requirements, warrants dismissal. *See, e.g., Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011) (per curiam) (affirming "the order of the District Court dismissing the complaint without prejudice for failure to either pay the filing fee or submit a complete motion to proceed in forma pauperis." (emphasis omitted)). Accordingly, the undersigned recommends that the live complaint be dismissed, and this action be closed.

## III.  Conclusion

For the reasons set forth above, it is **RECOMMENDED** that:

1.    The complaint (Doc. 1) be **DISMISSED**; and

8

2. The Clerk's Office be **DIRECTED** to **TERMINATE** all of the defendants, and **CLOSE** this case.

Stephens and Stevenson are also placed on notice that, pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

M.D. Pa. L. R. 72.3. Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights. *See Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007).

9

Date:  April 6, 2026                       *s/ Phillip J. Caraballo*
                                          Phillip J. Caraballo
                                          United States Magistrate Judge