IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GLENN H. STEPHENS, III; and            :        No. 4:25cv1907
LESLIE STEVENSON,                      :
          Plaintiffs            :        (Judge Munley)
                              :
     v.                              :        (Magistrate Judge Caraballo)
                              :
DINA WASCHER, et al.,                  :
          Defendants            :

## <u>ORDER</u>

Before the court is the Report and Recommendation ("R&R") of United States Magistrate Judge Phillip J. Caraballo. (Doc. 8).  The R&R recommends dismissal of Plaintiffs Glenn Stephens and Leslie Stevenson's complaint and closure of this case. (<u>Id.</u> at 8-9).

By way of brief background, Glenn Stephens, a state inmate proceeding *pro se*, and Leslie Stevenson, also proceeding *pro se*, filed their original complaint on October 10, 2025.[1] (Doc. 1).  In that filing, plaintiffs indicated that the complaint would be supplemented by another one. (<u>Id.</u> at 4). Four days later, plaintiffs submitted another complaint and stated that the "complaint details [were] sen[t] separately" requesting that the court "see forthcoming complaint."

---

[1] According to the R&R, in addition to this action, Stephens initiated at least 12 other cases in the Middle District of Pennsylvania since 2022. (Doc. 8, at 1 n.1).  The R&R further notes that in at least 6 of those 12 suits, other judges recommended or ordered dismissal due to Stephens's failures to pay the filing fees and move for leave to proceed in forma pauperis. (<u>Id.</u>)

(Doc. 5 at 4). No such complaint was ever filed. Plaintiffs also filed two joint motions for leave to proceed in *forma pauperis*. (Docs. 2, 6).

On October 15, 2025, Magistrate Judge Caraballo denied the joint motions to proceed in *forma pauperis* without prejudice and directed plaintiffs to file individual motions. (Doc. 7 at 6-7). Magistrate Judge Caraballo explained that the motions were incomplete, unsigned by Stevenson, and invalid. (Id. at 3-5). The October 15, 2025 order required plaintiffs, within 21 days, either to submit separate motions for leave to proceed in *forma pauperis* or to pay the filing fees. (Id. at 6). The order also directed the plaintiffs to file a single amended complaint setting forth all of the factual allegations and legal theories also within 21 days. (Id.)

To date, approximately six months after the issuance of that order, plaintiffs have neither complied with the magistrate judge's directives nor otherwise indicated an intent to pursue this litigation.

On April 6, 2026, Magistrate Judge Caraballo issued the instant R&R recommending dismissal of this action. (Doc. 8). No objections have been filed and the time for such filing has passed.[2]

---

[2] If a plaintiff fails to prosecute a case or comply with court orders, district court judges are empowered to dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) and its own inherent authority to manage the docket for the orderly and expeditious disposition of cases. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 630–31(1962)). Decisions regarding dismissal of actions on these grounds rest in the sound discretion of the court and will not be disturbed

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

Here, Magistrate Judge Caraballo conducted a thorough analysis of the Poulis factors and concluded that they weigh in favor of dismissal. (Doc. 8 at 4-8). After careful review, the court finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations. Accordingly, the court will adopt the R&R in its entirety. The dismissal, however, will be without prejudice, permitting plaintiffs to file a new complaint in the future should they elect to do so and can allege additional supporting facts.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 8), is **ADOPTED** in its entirety;

---

absent an abuse of that discretion. Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002). Such discretion is regulated by the required balancing of several factors under Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

3

2) Plaintiffs' *pro se* complaints, (Docs. 1,5), are **DISMISSED** without prejudice to the plaintiffs endeavoring to refile a complaint in the future should they so choose; and

3) The Clerk of Court is directed to **CLOSE** this case.

Date: 4/29/26

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court